**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5075**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

LUTHER JOE CYRUS, a/k/a Joe Cyrus,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:03-cr-00106-TLW-1)

Submitted:  January 26, 2011       Decided:  February 11, 2011

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  Kevin McDonald, Acting United States Attorney, Columbia, South Carolina, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Luther Joe Cyrus of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Cyrus to 324 months' imprisonment. Cyrus appealed. In light of United States v. Booker, 543 U.S. 220 (2005), we vacated Cyrus's sentence and remanded for resentencing. See United States v. Cyrus, 132 F. App'x 441 (4th Cir. 2005) (No. 04-4625). On remand, the district court sentenced Cyrus to the same term of imprisonment — 324 months. Cyrus's counsel challenges this sentence on appeal, contending that the court's explanation was inadequate and that the sentence is procedurally unreasonable. Finding no error, we affirm.

Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. "Procedural reasonableness evaluates the method used to determine a defendant's sentence." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Whereas, "[s]ubstantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding

2

that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2006)]."  Id.

This court must assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court.  Mendoza-Mendoza, 597 F.3d at 217.

At the resentencing hearing, Cyrus's counsel asked the district court not to apply a cross-reference for possession of firearms and ammunition in connection with the commission of another offense.  Counsel argued that a sentence at the low end of an advisory Guidelines range that did not include the cross-reference would be appropriate considering Cyrus's age and health.  Despite counsel's argument, the district court adopted the amended presentence report, including the "findings and rulings" made by the court during the original sentencing hearing.  The court then noted Cyrus's age and considered the applicable § 3553(a) factors, including: the lack of a deterrent effect that prior lengthy sentences have had on Cyrus; the

3

seriousness of this case based on the large number of firearms and ammunition recovered as well as the presence of drugs and drug paraphernalia; the need to protect the public; and the kinds of sentences available and the applicable sentencing range.

Counsel contends, however, that this explanation is insufficient because the court did not address specifically counsel's assertion that Cyrus's age and health warranted special consideration. Yet, the district court specifically referenced Cyrus's age. Moreover, the court adopted the presentence report, which went into great detail about Cyrus's physical and mental health. The court also discussed Cyrus's health, medication, and age with counsel prior to pronouncing sentence. Considering the record as a whole, we conclude that the court's explanation supporting the 324-month within-Guidelines sentence was adequate and that the sentence is procedurally reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4